# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., J.C., and T.C., by and through their guardian, MELANIE CABELKA; and MELANIE CABELKA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; SARAH WILSON; CARLOS OMEDA; FATIMAH ABDULLAH; MARILYN SPROAT, and DOES 1-100,<br><br>Defendants. | Case No.: 18-cv-0013-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are 1) the Motion to Dismiss the Second Amended Complaint filed by Defendants Sarah Wilson, Carlos Olmeda,[1] Fatimah Abdullah, and Marilyn Sproat (ECF No. 75); 2) the Motion to Strike a Non-Party Minor's Confidential Information and Seal the Complaints filed by all Defendants (ECF No. 76); 3) the Motion to Dismiss the Second Amended Complaint filed by Defendant County of San Diego (ECF No. 77); 4) the Motion to Appoint a Neutral Guardian Ad Litem filed by Defendants (ECF No. 74); and 5) the *Ex Parte* Motion to Appoint Melanie Cabelka as Guardian Ad Litem filed by Plaintiffs (ECF No. 81).

---

[1] Plaintiffs identified this Defendant as "Carlos Omeda" in the Second Amended Complaint. ECF No. 67.

1

## I. BACKGROUND

### A. Procedural History

On February 28, 2019, Plaintiffs Melanie Cabelka and her minor children, D.C., T.C., and J.C., filed a Second Amended Complaint against Defendants County of San Diego (the "County"), Sarah Wilson, Carlos Olmeda, Fatima Abdullah, Marilyn Sproat, and Does 1 through 100 (the "SAC"). (ECF No. 67). The SAC is the operative complaint in this matter.[2] Plaintiffs allege 1) first claim against Wilson, Olmeda, Abdullah, and Sproat (collectively, the "Social Services Defendants") for "Violation of Federal Civil Rights Pursuant to United States Code, Title 42, § 1983" (*id.* at 28); 2) second claim against the County for "*Monell* Related Claims 42 U.S.C. § 1983" (*id.* at 34) and negligence (*id.* at 38); and 3) state law claims against all Defendants for direct negligence (*id.* at 38), negligent and/or intentional misrepresentation (*id.* at 41), and intentional infliction of emotional distress (*id.* at 43). Plaintiffs seek general damages, special damages, punitive damages, interest, attorneys' fees, and costs. *Id.* at 44.

On May 29, 2019, Motions to Dismiss the SAC were filed by the Social Services Defendants (ECF No. 75) and the County (ECF No. 77). On May 29, 2019, Defendants collectively filed a Motion to Strike and Seal the Complaints (ECF No. 76) and a Motion to Appoint a Guardian Ad Litem (ECF No. 74). On June 12, 2019, Plaintiffs filed an *Ex Parte* Motion to Appoint a Guardian Ad Litem. (ECF No. 81). On the same day, Defendants filed a Response to Plaintiffs' *Ex Parte* Motion. (ECF No. 82).

On June 24, 2019, Plaintiffs filed Responses to Defendants' Motion to Appoint a Guardian Ad Litem (ECF No. 86) and Motion to Strike (ECF No. 87). On July 1, 2019, Defendants filed Replies in support of their Motion to Appoint a Guardian Ad Litem (ECF No. 88) and Motion to Strike. (ECF No. 89). On July 23, 2019, Plaintiffs filed a Response to the Social Services Defendants' Motion to Dismiss (ECF No. 92), a Response to the

---

[2] The original, sealed, Complaint was filed on January 3, 2018. (ECF No. 1). The First Amended Complaint (the "FAC") was filed on February 27, 2018. (ECF No. 15).

County's Motion to Dismiss (ECF No. 93), and Requests for Judicial Notice in support of both Responses (ECF Nos. 92-1, 93-1).[3]

On August 16, 2019, both the Social Services Defendants (ECF No. 96) and the County (ECF No. 97) filed Replies in support of their respective Motions to Dismiss. Defendants also collectively filed a Response to Plaintiffs' Requests for Judicial Notice. (ECF No. 98). On August 21, 2019, Defendants filed a Request for Judicial Notice in support of their Motions to Dismiss (ECF No. 99).[4]

**B. Factual Allegations in the SAC**

Plaintiff Melanie Cabelka adopted her children, T.C., D.C., and J.C., prior to March 2015 after their successful foster or adoptive placements in Cabelka's home. (ECF No. 67 ¶¶ 23, 27). T.C. was born in 2003 (*id.* ¶ 4), D.C. was born in 2004 (*id.* ¶ 5), and J.C. was born in 2009 (*id.* ¶ 6).

Plaintiffs allege that prior to March 2015, D.G., who is not a party to this action, was a dependent of the Court "in the foster system." *Id.* ¶¶ 30, 118. Plaintiffs allege that Defendants were "responsible for the evaluation, placement, supervision, and well-being" of D.G. *Id.* at ¶ 118. D.G. allegedly had a history of "fecal smearing, expressed suicidal thoughts, violent physical outbursts culminating in the destruction of property, and sexually aggressive and deviant behaviors." *Id.* ¶ 45. Plaintiffs allege D.G. had "been exposed to sexual abuse" (*id.* ¶ 36) and "had been removed from his immediately prior adoptive placement . . . because he had been sexually molesting another male child . . . ."

---

[3] Plaintiffs' request for judicial notice is granted as to the "WIC § 827 Order Granting Access to D.G.'s Records." (ECF Nos. 92-1 at 3, Exhibit F; 93-1 at 2, Exhibit I); *see U.S. ex rel Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244 (9th Cir. 1992) (the Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). Judicial notice of the other requested documents is unnecessary for this Order. Plaintiffs' additional requests for judicial notice are denied. *See Asvesta v. Petroustas*, 580 F.3d 1000, 1010 n. 12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

[4] Judicial notice of the requested document is unnecessary for this Order. Defendants' request for judicial notice is denied. *Asvesta*, 580 F.3d at 1010 n. 12.

*Id.* at 36. Plaintiffs allege Defendants had access to information about D.G.'s history of medical, behavioral, and psychological problems, including "CWS/CMS records" (*id.* ¶¶ 37, 45, 50, 63) and "reports from both prior foster parents and D.G.'s school" (*id.* ¶ 35).

Cabelka accepted D.G. into her home as a foster child in March 2015. *Id.* ¶ 29. Plaintiffs allege that before Cabelka accepted D.G. into her home, she asked Sproat, a County placement worker, how many prior placements D.G. had been in and why the prior placements failed. *Id.* ¶ 33. Sproat allegedly told Cabelka that "there was no issue with [D.G.], it was not [his] fault . . . " (*id.*) and that D.G. had "great behaviors." (*id.* ¶ 30). Plaintiffs allege Cabelka asked D.G.'s social worker's supervisor, Abdullah:

> . . . if she knew anything about the history of [D.G], and if there was anything [Cabelka] should know about [him] before she committed to [his] placement in her home. Specifically, [Cabelka] asked Abdullah if she had any information regarding why D.G.'s prior adoptive placement failed. Abdullah refrained from telling [Cabelka] the truth and instead stated that the prior adoptive placements had not 'failed.' Abdullah reiterated — falsely, what a great kid D.G. was, and how he had no problems other than those medical problems already disclosed by Sproat, i.e., spina bifida, which was well in hand.

*Id.* ¶ 38. Plaintiffs allege that all of the Defendants knew or should have known D.G.'s history and "actively conceal[ed] D.G.'s past aberrant behaviors," placing Cabelka and her children at risk. *Id.* ¶¶ 120-122. Defendants allegedly "actively suppressed this information from [Cabelka] and refrained from disclosing it out of concern that if they had disclosed all of the relevant information to [Cabelka], she would refuse to allow D.G. into her home." *Id.* ¶ 31.

Plaintiffs allege that from March 2015 through July 2016, Cabelka observed, or was informed by D.G.'s school about, various behavioral issues including poor hygiene (*id.* ¶ 43), fecal smearing (*id.* ¶¶ 45, 46), suicidal thoughts and anger issues (*id.* ¶ 46), severe violent "outbursts" and "meltdowns" (*id.* ¶¶ 53, 66), and watching "homosexual child pornography" (*id.* ¶¶ 57-61). Cabelka allegedly contacted Defendants numerous times to report these incidents and inquire about D.G.'s history. *Id.* ¶¶ 43-66. Plaintiffs allege:

4

> Despite DEFENDANTS' knowledge of D.G's propensities for sexual and physical violence and outbursts, and [Cabelka's] persistent reporting and pleas for help, DEFENDANTS, and each of them, failed to take any action to remove this dangerous child, D.G., from [Cabelka's] home, or even to warn [Cabelka] of his known dangerous propensities.

*Id.* ¶ 67.

Plaintiffs allege that on August 8, 2016, D.G. "violently sodomize[d] D.C." *Id.* ¶ 68. Cabelka reported the incident to Wilson, D.G.'s social worker, and requested D.G. be removed from her home, but Wilson did not remove D.G. *Id.* ¶ 75. Plaintiffs allege that "[o]n October 20, 2016, D.G. sexually assaulted T.C." *Id.* ¶ 76. Cabelka allegedly told Wilson that Cabelka "was incapable of controlling the situation and was concerned about her own safety and the safety of her children . . . ." *Id.* ¶ 87. Wilson "advised that Social Services would take care of things and directed [Cabelka] to continue on with D.G. in the home, and not to report his behaviors to the police." *Id.* Plaintiffs allege that "[o]n January 21, 2017, D.G. sexually assaulted J.C." *Id.* ¶ 90. "Even after creating the initial danger . . . and even after learning of D.G.'s then current sexual behaviors and molestations, Defendants failed to take any action to prevent further harm to the Cabelka family . . . ." *Id.* ¶ 123.

## II. MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted). If both parties advance plausible alternative explanations, then the "plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)," because "[t]he standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable." *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) ("Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im* plausible.").

Plaintiffs' first and second causes of action are brought under 42 U.S.C. § 1983, which provides a cause of action against any person who, under color of state law, deprives any citizen of any rights, privileges, or immunities secured by the Constitution and laws of the United States. *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir. 1987); *see Wyatt v. Cole*, 504 U.S. 158, 161 (1992)

Plaintiffs allege in the first cause of action that they are entitled to relief under § 1983 because the Social Services Defendants violated provisions of the Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. §§ 620 et seq. (2019) (the "Adoption Act"), and various state laws and regulations (ECF No. 67 ¶¶ 105-117). In the second cause

of action, Plaintiffs allege "*Monell* Related Claims[5] 42 U.S.C. § 1983" against the County for violations of the Adoption Act (ECF No. 67 ¶ 128) and "California law" (*id.* ¶ 134).

Plaintiffs contend in their Responses to Defendants' Motions to Dismiss that the SAC alleges § 1983 claims against Defendants based on "substantive due process rights" under the Fourteenth Amendment of the United States Constitution. (ECF No. 92 at 15-17; ECF No. 93 at 14). The Social Services Defendants contend the SAC does not allege a substantive due process claim, and Plaintiffs "did not provide fair notice of the claim as required by Federal Rule of Civil Procedure 8." (ECF No. 96 at 2).

The SAC does not allege a due process or Fourteenth Amendment claim. Plaintiffs have not given Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation omitted). However, Plaintiffs request leave to amend in the event the Court dismisses the claims in the SAC. Accordingly, the Court grants Plaintiffs leave to amend the Complaint within 14 days of this Order. Should Plaintiffs fail to file an amended complaint within 14 days, the Court will rule on Defendants' Motions to Dismiss the SAC.

### III. MOTIONS TO APPOINT A GUARDIAN AD LITEM

Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 68 (2000). "Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001).

Cabelka is the mother of minors D.C., T.C., and J.C. and represents that "Ms. Cabelka is fully competent and qualified to understand and protect D.C., J.C., and T.C.'s rights and interests. Ms. Cabelka has no known interests adverse to those of her children." (ECF No. 81 ¶ 5). Defendants contend that Cabelka and her children have a potential conflict of interest because one party may wish to settle while another wishes to pursue

---

[5] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978), established parameters for when entities can be held liable under § 1983. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

litigation, or one party may wish to voluntarily dismiss a claim while the other wishes to continue litigating. (ECF No. 74-1 at 4). Defendants request the Court appoint neutral guardian ad litem to represent D.C., T.C., and J.C.'s interests instead of Cabelka. *Id.* at 6.

No conflict of interest between Cabelka and the minor Plaintiffs is apparent at this time. Cabelka has the same interests in this case as her children. The Court will follow the general presumption and allow the minors' parent to represent their interests. *Burke*, 252 F.3d at 1264.

## IV. MOTION TO STRIKE AND SEAL THE COMPLAINT

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc*., 435 U.S. 589, 597 & n.7 (1978)). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79 (quotations omitted). The presumed right to access to court proceedings and documents can be overcome "only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1465 (9th Cir. 1990) (quoting *Press-Enter. Co. v. Sup. Ct.*, 446 U.S. 501, 510 (1985)).

"Under the compelling reasons standard, the district court must weight relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 659 (9th Cir. 2010) (quotations omitted). "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosures of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id*. at 659 n. 6 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th

Cir. 1995)); *see also Kamakana*, 447 F.3d at 1179 ("In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." (quotations omitted)).

Defendants request the Court seal both the SAC and FAC.[6] (ECF No. 76-1 at 5). Defendants contend that compelling reasons to seal the complaints include that the SAC "includes confidential information about a child's medical and mental health, including juvenile court involvement," "media reports have repeated the allegations from the complaints," and the information contained in the complaints "could have a grave impact on a minor's future livelihood." *Id.* at 5. Plaintiffs contend that the complaints do not contain any confidential information, and the information in the complaints has been public for months. (ECF No. 87 at 7, 9).

The Court finds Defendants' Motion to Seal does not set forth a compelling reason "supported by specific factual findings" that outweigh the general policy of publicly disclosing documents filed with the Court. *Kamakana*, 447 F.3d at 1178-79. The complaints do not contain any information sufficient to identify the minors such as social security numbers, names, dates of birth, financial account numbers, or home addresses. The Motion to seal the entirety of two complaints is overbroad and not "narrowly tailored" to serve a compelling interest.

///
///
///

---

[6] Defendants also request the Court strike certain paragraphs of the SAC that contain "confidential information contained in D.G.'s juvenile case file" (ECF No. 76-1 at 2), because "Plaintiffs have not yet received an order from the [juvenile] court releasing D.G's records." *Id.* at 4. Plaintiffs submitted an Order from the juvenile court releasing D.G.'s records, which this Court took judicial notice of. (ECF No. 92-1, Ex. F; ECF No. 93-1, Ex. I). Accordingly, the Court denies Defendants' request to strike portions of the SAC.

9

## V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs are given leave to amend their Complaint within 14 days of this Order. If Plaintiff have not filed an amended complaint within 14 days, the Court will rule on Defendants Motions to Dismiss the SAC.

IT IS FURTHER ORDERED that Melanie Cabelka is appointed as the guardian ad litem for minors D.C., T.C., and J.C. Defendants' Motion to Appoint a Neutral Guardian Ad Litem (ECF No. 74) is DENIED. Plaintiffs' *Ex Parte* Motion to Appoint Melanie Cabelka as Guardian Ad Litem (ECF No. 81) is GRANTED.

Defendants' Motion to Strike and Seal the Complaints (ECF No. 76) is DENIED.

Dated: September 19, 2019

Hon. William Q. Hayes
United States District Court