UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., J.C., and T.C., by and through their Guardian, MELANIE CABELKA; and MELANIE CABELKA, individually,<br><br>   Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; SARAH WILSON; CARLOS OMEDA; FATIMAH ABDULLAH; MARILYN SPROAT; and DOES 1-100,<br><br>   Defendants. | Case No.: 18-cv-13-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

   The matters before the Court are 1) the Motion for Leave to Amend the Third Amended Complaint filed by Plaintiffs Melanie Cabelka and her minor children, D.C., J.C., and T.C. (ECF No. 121); 2) the Motion to File Documents Under Seal filed by Defendants County of San Diego, Sarah Wilson, Carlos Olmeda, Fatima Abdullah, and Marilyn Sproat (ECF No. 122); and 3) the Motion for Leave to Amend the Answer to the Third Amended Complaint filed by Defendants (ECF No. 124).

1

## I. BACKGROUND

On October 3, 2019, Plaintiffs Melanie Cabelka and her minor children, T.C., D.C., and J.C., filed a Third Amended Complaint ("TAC") against Defendants County of San Diego, Sarah Wilson, Carlos Olmeda, Fatima Abdullah, Marilyn Sproat, and Does 1 through 100. (ECF No. 101). In the TAC, Plaintiffs alleged claims against Defendants under 42 U.S.C. § 1983 for violations of the Adoption Assistance and Child Welfare Act of 1980 (the "Adoption Act"), 42 U.S.C. §§ 671(a)(16), 675(1), and 675(5)(D), and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Plaintiffs T.C., D.C., and J.C. (collectively, "Minor Plaintiffs") further alleged claims against Defendants for negligence, negligent and/or intentional misrepresentation, and intentional infliction of emotional distress.

On October 17, 2019, Defendants filed Motions to Dismiss the TAC. (ECF Nos. 103, 104). On April 6, 2020, the Court issued an Order granting the Motions to Dismiss in part and denying the Motions to Dismiss in part. (ECF No. 111). The Court dismissed Minor Plaintiffs' § 1983 claims for violations of the Adoption Act and Cabelka's § 1983 claim for violations of the Fourteenth Amendment Due Process Clause without prejudice and with leave to amend.

On May 20, 2020, Defendants filed an Answer to the TAC, asserting twenty-one affirmative defenses. (ECF No. 112).

On July 22, 2020, Plaintiffs filed a Motion for Leave to Amend the TAC. (ECF No. 121). Plaintiffs seek leave to amend the TAC to add minor D.G. as a defendant and assert new claims against D.G.

On July 28, 2020, Defendants filed a Motion to File Documents Under Seal (ECF No. 122) and a Motion for Leave to Amend the Answer to the TAC (ECF No. 124). Defendants seek to amend the Answer to add an affirmative defense asserting that Cabelka's claims are barred by the statute of limitations.

On August 11, 2020, Defendants filed a Response to the Motion for Leave to Amend the TAC. (ECF No. 128).

On August 17, 2020, Plaintiffs filed an Opposition to the Motion for Leave to Amend the Answer (ECF No. 132) and a Reply in support of the Motion for Leave to Amend the TAC (ECF No. 133).

On August 24, 2020, Defendants filed a Reply in support of their Motion for Leave to Amend the Answer. (ECF No. 134).

## II. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052.

## III. MOTION FOR LEAVE TO AMEND THE TAC

Plaintiffs request leave to file a fourth amended complaint ("FAC") adding minor D.G. as a defendant. In the proposed FAC, Minor Plaintiffs allege claims against D.G. for intentional infliction of emotional distress, assault, and battery. Minor Plaintiff T.C. further alleges a claim against D.G. for negligent infliction of emotional distress. Plaintiffs contend

that the Court should grant leave to amend because the claims against D.G. arise from the same facts and events as the claims against the current Defendants, and the statutes of limitations on the claims against D.G. have not expired. Plaintiffs contend that Defendants will not be prejudiced by the amendment because discovery has just begun, and the proposed FAC does not add any claims against the current Defendants.

Defendants do not oppose Plaintiffs' request to file a FAC. Defendants request that the Court appoint a guardian ad litem or counsel to represent D.G. after he is served.[1]

In the proposed FAC, Minor Plaintiffs bring claims against D.G. arising from the same facts as the claims against Defendants. Defendants have not shown that they would be prejudiced by the amendment or made "a strong showing" that the *Foman* factors warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052 (emphasis omitted). Plaintiffs' Motion for Leave to Amend the TAC is granted.

### IV. MOTION FOR LEAVE TO AMEND THE ANSWER TO THE TAC

Defendants request leave to file an amended answer to the TAC adding a twenty-second affirmative defense that Cabelka's claims are barred by the statute of limitations. Defendants contend that although the Answer to the TAC would be moot if Plaintiffs file a FAC, "the Federal Rules of Civil Procedure and Ninth Circuit precedent do not directly address the issue of whether a defendant may, as a matter of right, assert new defenses in response to an amended complaint, or whether the defendant must first seek leave of court." (ECF No. 124 at 2). Defendants contend that the Court should grant leave to amend because Defendants were not aware that they had a statute of limitations defense until the state juvenile court released the orders regarding D.G.'s case plan on June 17, 2020—almost a

---

[1] The Court does not address Defendants' request that the Court appoint a guardian ad litem or counsel for D.G. at this time because the Court does not have personal jurisdiction over D.G. *See Johnston v. S.F. Sav. Union*, 63 Cal. 554, 562 (1883) (a minor must be served to give the court jurisdiction over his person or to appoint a guardian ad litem); *see also Burlington Ins. Co. v. Diamond Partners, Inc.*, No. 1:10-cv-00100-LJO-SKO, 2011 U.S. Dist. LEXIS 165957, at *8 (E.D. Cal. Mar. 22, 2011) (citing *Johnston* and denying a motion to appoint a guardian ad litem because the minor defendant had not yet been served).

month after Defendants' Answer was due on May 20, 2020. Defendants contend that Cabelka will not be prejudiced by the amendment because this case is in its early stages.

Plaintiffs contend that amendment would be futile because the statute of limitations defense fails as a matter of law. Plaintiffs contend that Defendants unduly delayed in asserting a statute of limitations defense because they were aware of the juvenile court orders since the beginning of this case. Plaintiffs contend that amendment would be prejudicial because the amendment would "require[e] [Cabelka] to deal with a defense that could have been raised and addressed over a year ago[,] . . . [and] [Cabelka] would be required to brief an unnecessary motion to strike the unmeritorious defense." (ECF No. 132 at 10). Plaintiffs further contend that any amendment to the Answer would be moot if the Court grants Plaintiffs' Motion for Leave to Amend, because Defendants would be required to file a new answer to the amended pleading.

The Court has determined that Plaintiffs may file the proposed FAC. Defendants' Answer to the TAC will be moot once Plaintiffs file the FAC. *See FDIC v. Jackson*, 133 F.3d 694, 701 (9th Cir. 1998) ("[A]n amendment supersedes an original pleading[.]"). However, the proposed amended answer raises defenses to claims asserted in the TAC, not the new claims asserted in the proposed FAC. At the time this Order is filed, the TAC is the operative Complaint. The Court finds that Defendants' Motion for Leave to Amend the Answer to the TAC is ripe for adjudication. *See Alexsam Inc. v. Green DOT Corp.*, No. 2:15-cv-05742-CAS (PLAx), 2016 U.S. Dist. LEXIS 144283, at *4 (C.D. Cal. Oct. 17, 2016) (granting a motion for leave to amend the complaint and a motion for leave to amend the answer, and ordering defendants to file the amended answer and then file a responsive pleading to the amended complaint).

"[T]he sufficiency of an amended pleading ordinarily will not be considered on a motion for leave to amend." *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963); *see Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on [futility] ground[s] is rare."). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be

afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. The Court will defer consideration of Plaintiffs' challenges to the merits of the proposed amendment to the Answer until after the amended pleading is filed. *See Netbula*, 212 F.R.D. at 539 ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). This case is in its early stages. The deadline to amend the pleadings is September 14, 2020, and discovery has just begun. Plaintiffs have not shown that they would be prejudiced by the amendment or made "a strong showing" that the *Foman* factors warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052 (emphasis omitted).[2] Defendants' Motion for Leave for Leave to Amend the Answer to the Third Amended Complaint is granted.

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Amend the Answer to the Third Amended Complaint filed by Defendants (ECF No. 124) is granted. Defendants shall file the proposed amended answer attached as "Exhibit A" to the Motion for Leave to Amend (ECF No. 124-1) within five (5) days of the date of this Order.

IT IS FURTHER ORDERED that the Motion for Leave to Amend the Third Amended Complaint filed by Plaintiffs (ECF No. 121) is granted. Plaintiffs shall file the proposed TAC attached as "Exhibit A" to the Motion for Leave to Amend (ECF No. 121-2) within five (5) days of the date that Defendants file the amended answer.

///

///

---

[2] The Court does not address whether Defendants may amend the Answer as a matter of right because the Court has determined that amendment under Rule 15(a) is warranted.

1  IT IS FURTHER ORDERED that the Motion to File Documents Under Seal filed
2  by Defendants (ECF No. 122) is granted.
3  .
4  Dated:  September 14, 2020

Hon. William Q. Hayes
United States District Court