1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., J.C., and T.C., by and through their Guardian, MELANIE CABELKA; and MELANIE CABELKA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; SARAH WILSON; CARLOS OMEDA; FATIMAH ABDULLAH; MARILYN SPROAT; and DOES 1-100,<br><br>Defendants. | Case No.: 18cv13-NLS<br><br>**ORDER REGARDING PLAINTIFFS' MOTION FOR GUIDANCE REGARDING SETTLEMENT** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Before the Court is Plaintiffs' Motion for Guidance regarding the Disbursement of Settlement Funds. ECF No. 177. The Court ordered the parties to meet and confer, and submit a supplemental filing regarding their discussions. ECF No. 178. On December 13, 2022, the parties submitted individual filings. ECF Nos. 179, 180.

The original minor's compromise, as approved by the Court on September 20, 2021, included a disbursement of funds to Plaintiff D.C., who was a minor at the time, through a special needs trust to provide for his ongoing care. ECF No. 174 at 4-5. The order further required Plaintiffs' to petition the probate court to approve the special needs trust. *Id.* at 5. Since the approval of the settlement, D.C. turned eighteen before his

1

special needs trust could be approved by the probate court.  ECF No. 177-2.  Plaintiffs' original motion sought "guidance" from the Court on the appropriate next steps to take, since the probate court would no longer have jurisdiction over D.C. based on his age.  *Id.*

In their supplemental filing, Plaintiffs clarify that what they are seeking from the Court is an order that would permit disbursement of the full funds—in the amount of $438,197.90—directly to D.C. ECF No. 179 at 2.  Defendants filed a supplemental response as well, stating concerns regarding why the special needs trust could not be approved in time in probate court and also regarding why the trust could not be established based on special needs, even though D.C. has reached the age of majority. ECF No. 180.

The Court finds Defendants' points well-taken.  The special needs trust that was proposed to the Court by Plaintiffs was not simply based on D.C.'s minor status, but also his disability.  ECF No. 155-4 at 5 ("The Beneficiary has been diagnosed with Post Traumatic Stress Disorder (PTSD), Reactive Attachment Disorder (RAD), Attention-deficit/hyperactivity disorder (ADHD) and Intermittent Explosive Disorder (IED). Beneficiary is under psychiatric care and medication. As a result of the disability, the Beneficiary will require ongoing care and supervision for the indefinite future."). Indeed, Plaintiffs' own submissions to the Court to justify the settlement amount highlighted the level of ongoing care that would be needed.  Plaintiff Melanie Cabelka stated that D.C. would require 24/7 supervision, including therapeutic outpatient trauma-based program, individual therapy, group therapy and family therapy, once he returned home from the residential treatment center where he had been housed.  ECF No. 3 at 2-3. In the same declaration, Ms. Cabelka stated that "[g]iven D.C.'s continuing care needs, and the severity of his continuing emotional disturbance," she asked for "a special needs trust so that I may administer his settlement funds to continue to support and fund his current care needs."  *Id.* at 4.

18cv13-NLS

While Plaintiffs now ask for a simple disbursement of significant funds, they have made no showing why a special needs trust is no longer needed on the basis of D.C.'s disability.  Thus, the Court now issues an **ORDER TO SHOW CAUSE** as to whether D.C.'s best interests should still be served through a special needs trust or similar vehicle for disbursement based on his disability, rather than age.  Plaintiffs should consider and investigate setting up a special needs trust on the basis of D.C.'s disability, consulting with other counsel as necessary, and consider whether petitioning the Probate Court for guardianship or conservatorship would be appropriate.  If Plaintiffs now take the position that D.C. no longer requires continuing care for his disability, such showing needs to be made to the Court.  The Court **SETS** a deadline of **February 3, 2023** for Plaintiffs to submit a status report to the Court regarding their investigation into this issue.

**IT IS SO ORDERED.**

Dated:  December 30, 2022

Hon. Nita L. Stormes
United States Magistrate Judge

3

18cv13-NLS